**FILED**

2004 JUL 23 P 3:49

U.S. DISTRICT COURT
UNITED STATES DISTRICT COURT BRIDGEPORT CONN
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OUTLAWS MOTORCYCLE CLUB, GARY PISCOTTANO, ALLISON PISCOTTANO, DOMENIC F. PAPSADORE, CHRISTOPHER K. CURVIN, KELLY HEMMELER, CLIFFORD HEMMELER, PHILIP O. LaBONTE, JR, BARBARA WARREN and MARTY WARREN<br>  Plaintiffs | : | NO. 3:04CV-0537 (JCH) |
| VS. | : | |
| RICHARD WILLIAMS, RICHARD PERRON, CARMINE VERNO, PATRICK CAULEY, FRANK GRIFFIN, PETER TERENZI, THOMAS GARBIDIAN, ROBERT BURGESS, LT. GOULD, DANIEL LEWIS, ROBERT KEENEY DARREN EDWARDS, KAREN GABIANELLI, JULIE MOONEY, CHRIS ALEX, SGT. MUCHERINO, TIM WRIGHT, JAMES CAMPBELL, ED RICKEVICIUS, ERIC STEVENS, J. L. KELLEY, JOSEPH VOKET, TROOPERS DUBUC, WYLER, PALEN, ORLOWSKI, WALKLEY, LUNZ, ZONGHETTI, MCCARTHY, TONEY, MERCER, BASAK, ALOGNA, KODZIS, COVELLO, ROCHETTE, FITZSIMONS, RIEF, BEDNARZ and BRUNDAGE in their individual capacities and the COMMISSIONER, Department of Public Safety, individually and in his official capacity<br>  Defendants | : | MAY 24, 2004 |

**AMENDED COMPLAINT**

1

LAW OFFICES
BECK AND ELDERGILL, P.C.
447 CENTER STREET • MANCHESTER, CT 06040 • (860)646-5606 • JURIS NO. 02702

## INTRODUCTION

1. Plaintiffs bring this action for money damages and declaratory and injunctive relief under 42 U.S.C. Secs. 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, against various members of the Connecticut State Police Department in their individual capacities, and against the Commissioner of the Department of Public Safety, individually and in his official capacity.

2. These claims arise as a result of Defendants' execution of a search warrant at the Outlaws Motorcycle Club ("Club") during a Club party, where Defendants applied for and executed search warrants without probable cause, failed to knock and announce their presence, used excessive force against the Plaintiffs, exceeded the lawful scope of the search and illegally detained and/or seized the Plaintiffs, all in violation of their rights. Further, Plaintiffs allege this search and other conduct constitutes an ongoing pattern of harassment on the part of the Defendants in violation of Plaintiffs' rights to equal protection of the laws.

## JURISDICTION

3. Jurisdiction is invoked pursuant to 28 U.S.C. Sections 1331, 1337, 1343, 2201 and 2202, and the aforementioned statutory and constitutional provisions.

2

## PARTIES

4. The Plaintiff, the Waterbury, Connecticut Chapter of the Outlaws Motorcycle Club ("Club") is a recognized chapter of the American Outlaws Association, an organization devoted to the expressive activity of biking and brotherhood. The Club rents space at 27 Division Street, Waterbury, Connecticut, where it maintains a Clubhouse for use by its members and others who associate with the Club.

5. The Plaintiff Gary Piscottano is a resident of Enfield, Connecticut who attended a Christmas party held at the Club on December 20, 2003.

6. The Plaintiff Allison Piscottano is a resident of Enfield, Connecticut who attended a Christmas party held at the Club on December 20, 2003.

7. The Plaintiff Domenic F. Papsadore is a resident of Foxboro, Massachusetts and a member of the Brockton, Massachusetts Chapter of the Outlaws Motorcycle Club, who attended a Christmas party held at the Club on December 20, 2003.

8. The Plaintiff Christopher K. Curvin is a resident of Mansfield, Massachusetts and a member of the Brockton, Massachusetts Chapter of the Outlaws Motorcycle Club who attended a Christmas party held at the Club on December 20, 2003.

9. The Plaintiff Kelly Hemmeler is a resident of Windsor Locks, Connecticut who attended a Christmas party held at the Club on December 20, 2003.

3

10. The Plaintiff Clifford Hemmeler is a resident of Windsor Locks and a Club member who attended a Christmas party held at the Club on December 20, 2003.

11. The Plaintiff Philip O. LaBonte, Jr. is a resident of Prospect, Connecticut who attended a Christmas party held at the Club on December 20, 2003.

12. The Plaintiff Barbara Warren is a resident of Naugatuck, Connecticut who attended a Christmas party held at the Club on December 20, 2003.

13. The Plaintiff Marty Warren is a resident of Naugatuck, Connecticut, a Club member and its President, who attended a Christmas party held at the Club on December 20, 2003.

14. The Defendant Richard Williams is, and at all times mentioned in this complaint was, a detective and a sworn member of the Connecticut State Police Department ("State Police"), assigned to the Statewide Cooperative Crime Control Task Force Motorcycle Gang Task Force. Williams assisted in procuring the search warrant at issue and participated in its execution. He is sued in his individual capacity.

15. The Defendant Richard Perron is, and at all times mentioned in this complaint was, a detective and a sworn member of the State Police assigned to the Statewide Cooperative Crime Control Task Force Motorcycle Gang Task Force. Perron assisted in

LAW OFFICES
**BECK AND ELDERGILL, P.C.**
447 CENTER STREET • MANCHESTER, CT 06040 • (860)646-5606 • JURIS No. 02702

procuring the search warrant at issue and participated in its execution. He is sued in his individual capacity.

16. The Defendant Carmine Verno is, and at all times mentioned in this complaint was, a detective and a sworn member of the State Police, assigned to the Statewide Firearms Trafficking Task Force. Verno assisted in procuring the search warrant at issue and participated in its execution. He is sued in his individual capacity.

17. The Defendant Patrick Cauley is, and at all times mentioned in this complaint was, a detective and a sworn member of the State Police, assigned to the Statewide Cooperative Crime Control Task Force State Police Gang Unit. Cauley assisted in procuring the search warrant at issue and participated in its execution. He is sued in his individual capacity.

18. The Defendants Frank Griffin, Peter Terenzi, Thomas Garbidian, Robert Burgess, Lt. Gould, Daniel Lewis, Robert Keeney, Darren Edwards, Karen Gabianelli, Julie Mooney, Chris Alex, Sgt. Mucherino, Tim Wright, James Campbell, Ed Rickevicius, Eric Stevens, J. L. Kelley, Jospeh Voket, Troopers Dubuc, Wyler, Palen, Orlowski, Walkley, Lunz, Zonghetti, McCarthy, Kelley, Toney, Mercer, Basak, Alogna, Kodzis, Covello, Rochette, Fitzsimmons, Rief, Bednarz and Brundage are sworn members of the State Police who participated in the execution of the search warrant. They are sued in

5

their individual capacities.

19. The Defendant Commissioner of Public Safety ("Commissioner") has final decision-making authority over the affairs and operations of the Division of State Police, including its Bureau of Criminal Investigations and its various Statewide Task Forces. He is sued individually and in his official capacity.

20. At all times mentioned in this complaint, Defendants acted under color of law.

## FACTS

21. On December 20, 2003, the Club held its annual Christmas party at its Waterbury clubhouse. Food and beverages were served and those attending brought Christmas presents to exchange with one another. Plaintiffs as well as other guests and members of the Club attended the party ("Attendees").

22. During the party, Defendants, including Defendants Dubuc, Voket, Wyler, Palen, Orlowski, Walkley, Lunz, Zonghetti, McCarthy, Kelley, Toney, Mercer, Basak, Alogna, Kodzis, Covello, Rochette, Fitzsimons, Rief, Bednarz and Brundage, under the supervision of Defendant Lewis, wearing black clothing and masks, carrying automatic or semi-automatic weapons, and accompanied by dogs, broke down the doors, without knocking or announcement, and burst into the Clubhouse.

6

23. While screaming directives, said Defendants trained their weapons on the Attendees, used their dogs in a threatening manner, ordered all Attendees to lie face down on the ground without moving and, using unreasonable force to do so, restrained and handcuffed all Attendees, throwing down, kicking and/or stepping on certain Attendees.

24. Defendants forced the Attendees to remain lying face down for approximately 20 minutes, and thereafter forced them to remain kneeling, still in restraints, for an additional 20 minutes, while a search of the premises was conducted. Thereafter, unreasonable force was used to remove handcuffs.

25. In the course of conducting their search, Defendants unreasonably damaged the property of the Plaintiff Club.

26. Defendants exceeded the scope of the search permitted under the terms of the warrant including, but not limited to, one or more of the following:

  a. They searched automobiles owned by the Attendees;

  b. They searched the persons and personal effects of the Attendees; and

  c. They ripped open and searched wrapped Christmas presents brought to the party by Attendees.

27. Defendants unlawfully seized property during the course of the search including an address book in the possession of Plaintiff Marty Warren, President of the Club.

7

28. Defendants unlawfully detained and/or seized persons during the execution of the search warrant, including but not limited to, the following:

a. Attendees were unreasonably and forcibly restrained, in handcuffs, for 40 minutes or more, until well after the search was completed;

b. Attendees were not permitted to leave until they permitted themselves to be photographed; and

c. Defendants took photographs of all Attendees, which photographs remain in Defendants' possession;

d. Defendants took photographs of various objects and items inside the Clubhouse.

29. As a result of Defendants' actions, Plaintiffs have suffered and will continue to suffer losses, including mental anguish, anxiety, emotional distress and physical injury, some or all of which injuries may be permanent in nature, expenses for treatment, loss of enjoyment of life, loss of earning capacity, damage to personal and professional reputation, and other financial losses.

30. The aforesaid actions on the part of the Defendants were intentional in that they were taken with an intent to injure the Plaintiffs or in a reckless disregard of their rights.

8

31. Defendants have engaged in an ongoing pattern of harassment directed against some or all of the Plaintiffs, intended to interfere with their associational rights and their rights to equal protection of the laws, as members and/or associates of the Club, including, but not limited to, the following:

a. On a number of occasions when the Club has rented, or otherwise sought to secure the use of properties or facilities for the purpose of holding social gatherings or meetings, one or more of the Defendants have contacted the property owners, informed them that the Club is a criminal or subversive group and have pressured the owners to break their commitments to the Club or to refuse to make properties available, causing the Club inconvenience and financial losses; and

b. On a number of occasions, most recently on or about March 2, 2004, one or more of the Defendants has, without reasonable suspicion or probable cause, stopped one or more of the Plaintiffs or other Club members, questioned them and forced them to provide identification and/or to be photographed.

32. As a result of Defendants' actions, Plaintiffs, including the Plaintiff Club and its members, have suffered and will continue to suffer continuing, present adverse effects as a result of Defendants' pattern of harassment.

LAW OFFICES
**BECK AND ELDERGILL, P.C.**
447 CENTER STREET • MANCHESTER, CT 06040 • (860)646-5606 • JURIS NO. 02702

33. As a further result of Defendants' actions, and the resultant deprivation of Plaintiffs' Constitutional rights as described herein, Plaintiffs have suffered irreparable harm for which they have no adequate remedy at law.

**FIRST CAUSE OF ACTION :**   **Fourth Amendment Violations Against Williams, Perrone, Verno, Cauley, Doe and Roe**

34. The foregoing actions on the part of these Defendants constitute a violation of Plaintiffs' rights under the Fourth and Fourteenth Amendment to the United States Constitution, to be free from unreasonable searches and seizures.

**SECOND CAUSE OF ACTION :**   **Equal Protection Violations Against Williams, Perrone, Verno, Cauley, Griffin,Terenzi, Garbidian, Burgess, Gould, Lewis, Keeney, Edwards, Barianelli, Mooney, Alex, Mucherino, Wright, Campbell, Rickevicius, Stevens, Kelley, Voket, Dubuc, Palen, Orlowski, Walkley, Lunz, Zonghetti, McCarthy, Kelley, Toney, Mercer, Basak, Alogna, Kodzis, Covello, Rochette, Fitzsimmons, Rief, Bednarz and Brundage**

35. The foregoing actions on the part of these Defendants have deprived Plaintiffs of their rights to equal protection under the law, in one or more of the following ways:

a. Plaintiffs were treated differently than similarly situated citizens for reasons unrelated to a legitimate government objective;

b. Plaintiffs were treated differently than similarly situated citizens based upon a malicious intent to injure the Plaintiffs; and

10

c. Plaintiffs were treated differently than similarly situated citizens to punish them for the exercise of their constitutional rights to free expression and free association, as members of, or as individuals associated with, the Outlaws Motorcycle Club.

### THIRD CAUSE OF ACTION: Violations of the Fourth and Fourteenth Amendments Against the Defendant Commissioner

37. The Defendant Commissioner is liable for the acts of the other Defendants in this matter in one or more of the following ways:

a. He has directly participated in violation of Plaintiffs' rights;

b. As a supervisor, said Defendant has failed to remedy a wrong after learning of a violation of Plaintiffs's rights;

c. Defendant has created a policy or custom under which unconstitutional practices occur or he has allowed such a policy or custom to continue;

d. Defendant has exercised gross negligence in managing subordinates who have violated Plaintiffs' rights;

e. Defendant has demonstrated a deliberate indifference to Plaintiffs' constitutionally protected rights; and

f. Defendant has final decision-making authority over the actions of the Defendants described above.

### RELIEF

11

Wherefore, Plaintiffs' claim:

1. As against the Defendants Williams, Perrone, Verno, Cauley, Griffin, Terenzi, Garbidian, Burgess, Gould, Lewis, Keeney, Edwards, Barianelli, Mooney, Alex, Mucherino, Wright, Campbell, Rickevicius, Stevens, Kelley, Voket, Dubuc, Palen, Orlowski, Walkley, Lunz, Zonghetti, McCarthy, Kelley, Toney, Mercer, Basak, Alogna, Kodzis, Covello, Rochette, Fitzsimmons, Rief, Bednarz and Brundage :

    a. Compensatory and punitive damages;

    b. The costs of this action, together with reasonable attorney's fees;

    c. An order declaring that the acts and practices of these Defendants are unconstitutional; and

    d. Such other and further relief as this Court deems just and proper.

2. As against the Defendant Commissioner:

    a. Compensatory and punitive damages;

    b. The costs of this action, together with reasonable attorney's fees;

    c. A temporary and permanent injunction, ordering that the photographs taken by Defendants, and any records generated therefrom, be returned to the Plaintiffs;

    d. A temporary and permanent injunction, ordering that any items unlawfully seized from the Plaintiffs be returned to them;

LAW OFFICES
**BECK AND ELDERGILL, P.C.**
447 CENTER STREET • MANCHESTER, CT 06040 • (860)646-5606 • JURIS NO. 02702

e. A temporary and permanent injunction, ordering that Defendants cease and desist from ongoing harassment directed against the Plaintiffs;

f. An order declaring that the acts and practices of the Defendants are unconstitutional; and

g. Such other and further relief as this Court deems just and proper.

PLAINTIFFS

By: _____
Kathleen Eldergill
Federal Bar No.  ct00024

**A JURY TRIAL IS HEREBY DEMANDED**

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on this 24th day of May, 2004 to:

Stephen R. Sarnoski
Assistant Attorney General
Office of the Attorney General
110 Sherman Street
Hartford, CT 06105

_____
Kathleen Eldergill

OMC\ReqAmend05-04.pld

13